UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE ARTEAGA-RUIZ *et. al.*, | Case No. 4:14-cv-00061-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| United States of America, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Amend/Correct the Amended Complaint. (Dkt. 28). For the reasons set forth below, Plaintiffs' Motion to Amend is denied. Plaintiffs shall file a response to Defendant's Motion to Dismiss (Dkt. 25) on or before July 29, 2015.

## BACKGROUND

Under the Court Scheduling Order, amended pleadings and joinder of parties were due on September 19, 2014. (Dkt. 12). Plaintiffs—Jose Arteaga-Ruiz, Lilia Ruiz-Arteaga, and Jose Arteaga-Arteaga—filed their second motion to amend the complaint nearly seven months past this deadline on May 18, 2015. (Dkt. 28). Plaintiffs bring the present action against Defendant, the United States of America, for negligence, false

MEMORANDUM DECISION AND ORDER - 1

imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress in connection with the wrongful deportation of a U.S. Citizen, Plaintiff Arteaga-Ruiz. In the proposed amended complaint, Plaintiffs attempt to assert the coercive nature of Arteaga-Ruiz's signature on a Stipulated Request for Removal order. *Sec. Am. Compl.*, ¶¶ 15-19, Dkt. 28-1. Additionally, Plaintiffs attempt to assert new state law claims of abuse of process and malicious prosecution against Defendant. *Id.* at ¶ 30, Dkt. 28-1.

On October 23, 2014, more than one month after the expiration of the deadline to amend pleadings or join parties, the Court granted the parties' Stipulation to Hold Case in Abeyance (Dkt. 23) pending the United States Supreme Court decisions in the following cases: *United States v. June*, Case No. 13-1075 and *United States v. Wong*, Case No. 13-1074. Following the lift of the stay and Defendant's Motion to Dismiss (Dkt. 25), Plaintiffs have filed the present motion to amend their complaint. (Dkt. 28).

## LEGAL STANDARD

The court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010). This Court stated in the Case Management Order, ¶ 2, Dkt. 12, that the September 19, 2014, deadline to amend pleadings or join parties "shall only be amended for good cause." Furthermore, the Court stated that motions to amend filed after that deadline would be subject to the more restrictive provisions of Fed. R. Civ. P. 16(b) rather than Fed. R. Civ. P. 15(a), where amendments are liberally permitted.

*Case Mgmt. Order*, ¶ 2 n.2, Dkt. 12 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The good cause standard under Fed. R. Civ. P. 16(b) is determined by the diligence of the party seeking the amendment. *Mammoth Recreations*, 975 F.2d at 609. The district court may modify the pretrial schedule, or allow the amendment, if the deadline could not have reasonably been met despite the diligence of the party seeking the amendment. *Id.*

## ANALYSIS

In the instant case, Plaintiffs fail to demonstrate how they could not have reasonably met the September 19, 2014, deadline. There is no indication that Plaintiffs attempted to amend the complaint, or modify the scheduling order, prior to September 19, 2014. Furthermore, aside from Plaintiffs' counsel conducting further research, Plaintiffs fail to show what gave rise to the new information sought to be included in the proposed complaint. *Memo in Support of Mot. to Am. Compl.*, 3, Dkt. 28-2. Plaintiffs claim that the amendment is necessary to clarify the coercive nature under which Defendant obtained Arteaga-Ruiz's signature on the Stipulated Request for Removal Order and Waiver. *Id.* However, these reasons do not demonstrate Plaintiffs' inability to comply with the scheduling deadline despite their diligence.

Finally, Plaintiffs contend that filing the second amended complaint on May 18, 2015, does not disrupt the agreed-upon course of litigation approved by the Court. *Reply* at 5, Dkt. 31. The Court disagrees. The stay granted to await the U.S. Supreme Court decisions occurred after the deadline to amend pleadings and therefore did not affect this

deadline. Accordingly, Plaintiffs have failed to demonstrate good cause for the amendment of the complaint, and their request to amend is denied.

## ORDER

IT IS ORDERED

1. Plaintiffs' Motion to Amend Complaint (Dkt. 28) is DENIED.

2. Plaintiffs shall have until July 29, 2015 to file a response to Defendant's Motion to Dismiss. (Dkt. 25).

DATED: July 8, 2015

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 4